UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHARLES ANTHONY GIOVINCO, *Petitioner*, <br><br> v. <br><br> TIMETHEA PULLEN, *Respondent*. | No. 3:22-cv-1515 (VAB) |

RULING ON PETITION FOR WRIT OF HABEAS CORPUS

Charles Anthony Giovinco ("Petitioner") filed this petition for writ of habeas corpus under 28 U.S.C. § 2241 seeking application of First Step Act ("FSA") time credits. Pet., ECF No. 1 (Nov. 29, 2022) ("Pet.").

Timethea Pullen ("Respondent") claims that Mr. Giovinco is not eligible to earn FSA time credits. Respondent's Opp'n to Pet. For Writ of Habeas Corpus, ECF No. 7 (Jan. 12, 2023) ("Opp'n").

For the following reasons, the petition for writ of habeas corpus is **DENIED**.

I.    BACKGROUND

On December 21, 2018, Congress enacted the First Step Act ("FSA"), which was intended to encourage federal inmates to participate in evidence-based recidivism reduction programs ("EBRRs") and other productive activities ("PAs"). *See* 18 U.S.C. §§ 3632(d)(4)(C), 3624(g)(1)(A). Inmates earn time credits upon successful participation in these activities and the time credits qualify the inmates for early release from custody. *See id.*

With enough time credits, an inmate may be transferred sooner to prerelease custody, either in a residential reentry center or on home confinement, or supervised release. *See* 18

1

U.S.C. § 3624(g)(2). Inmates classified as minimum or low risk of recidivism are eligible to earn either ten or fifteen days of credit for every thirty days of successful participation in EBRRs or PAs. *See* 18 U.S.C. § 3632(d)(4)(A). If the inmate's sentence includes a period of supervised release, "the Director of the Bureau of Prisons may transfer the prisoner to begin any such term of supervised release at an earlier date, not to exceed 12 months." 18 U.S.C. § 3624(g)(3).

There are some situations, however, where an otherwise eligible inmate will not be considered as "successfully participating" in EBRRs or PAs to be considered for FSA time credit. Such situations include, but are not limited to:

i)   Placement in a Special Housing Unit;
ii)  Designation status outside the institution (e.g. for extended medical placement in a hospital or outside institution, an escorted trip, a furlough, etc.);
iii) Temporary transfer to the custody of another Federal or non-Federal government agency (e.g., on state or Federal writ, transfer to state custody for service of sentence, etc.);
iv)  Placement in mental health/psychiatric holds; or
v)   "Opting out" (choosing not to participate in the EBRR programs or PAs that the Bureau has recommended based on the inmate's individualized risk and needs assessment).

28 C.F.R. § 523.41(c)(4)(i)-(v).

In addition, the statute includes a list of 68 statutes, the violation of which renders an inmate ineligible for FSA time credits. *See* 18 U.S.C. § 3632(d)(4)(D).

Mr. Giovinco was convicted in the United States District Court for the Southern District of Florida for using the internet to entice a minor to engage in sexual activity ("Count One") and possession of child pornography ("Count Two"). Ex. 1 to Opp'n at 1, ECF No. 7-1 ("J."). On February 17, 2009, he was sentenced to 235 months on Count One and 120 months on Count Two, with the sentences to be served concurrently. *Id.* at 1. Mr. Giovinco concedes that

possession of child pornography, Count Two, is included in the list of ineligible offenses. Pet. ¶ 7.

## II.     STANDARD OF REVIEW

Section 2241 affords relief only if the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A petition filed under Section 2241 may be used to challenge the execution of a prison sentence. Thus, Section 2241 petitions are appropriately used to challenge conditions of confinement or sentence calculations. *See Levine v. Apker*, 455 F.3d 71, 78 (2d Cir. 2006) (finding that "execution of a sentence . . . is properly filed pursuant to § 2241" which includes "matters such as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention[,] and prison conditions" (citations and quotation marks omitted)).

## III.    DISCUSSION

Mr. Giovinco challenges the Bureau of Prisons's ("BOP") determination that he is ineligible to earn FSA time credits. Pet. ¶ 7. He notes that of the two charges of which he was convicted, only possession of child pornography is included in the list of ineligible offenses. *Id.* Mr. Giovinco argues that the BOP should consider his sentence as two separate sentences and, as he has already completed the 120-month sentence for possession of child pornography, he should be eligible to earn FSA time credits on the eligible charge for which he is still serving his sentence. *See* Mem. in Supp. of Giovinco's § 2241 Habeas Corpus Mot. at 1–2, ECF No. 1-1 ("Mem.").

The Respondent argues that the BOP is required to aggregate sentences for all

administrative purposes and contends that, when Mr. Giovinco's sentence is considered as one

aggregate sentence, he is not eligible for FSA time credits. Opp'n at 1.

Mr. Giovinco acknowledges that the BOP is required to aggregate all consecutive and

concurrent sentences for administrative purposes, but argues that determining eligibility for FSA

time credits is not an administrative task. *See* Reply to Gov't Resp. to Pet. For Relief at 4, ECF

No. 8 ("Reply"); *see also* 18 U.S.C. § 3584(c) ("Multiple terms of imprisonment ordered to run

consecutively or concurrently shall be treated for administrative purposes as a single, aggregate

term of imprisonment.").

Mr. Giovinco further argues that a plain reading of the FSA supports his claim. Mem. at

4–5; Reply at 1–3. The statute provides: "A prisoner is ineligible to receive time credits under

this paragraph if the prisoner is serving a sentence for a conviction under any of the following

provisions of law[.]" 18 U.S.C. 3632(d)(4)(D). Mr. Giovinco contends that the use of the

singular, "a sentence," requires the BOP to consider the components of his sentence separately.

*See* Reply at 1–2.

The Court disagrees.

"Courts have consistently held that sentence calculation by the BOP and the BOP's

administration of incentives which reduce the length of a prisoner's term of imprisonment are

administrative functions of the BOP subject to § 3584(c)." *Sok v. Eischen*, No. 22-cv-458

(ECT/LIB), 2022 WL 17156797, at *5 (D. Minn. Oct. 26, 2022) (collecting cases), *report and

recommendation adopted*, 2022 WL 17128929 (Nov. 22, 2022); *see also United States v. Martin*,

974 F.3d 124, 136 (2d Cir. 2020) (finding that "administrative purposes" referenced in § 3584(c)

are described in, "among other provisions, 18 U.S.C. § 3585, which authorizes the BOP to

4

provide inmates with credit towards their sentence for various reasons, including for time spent in detention prior to commencement of the sentence"); *Chambers v. Warden Lewisburg USP*, 852 F. App'x 648, 650 (3d Cir. 2021) ("The BOP was permitted to aggregate Chambers's otherwise-consecutive sentences into a single unit for purely administrative purposes, such as— at issue here—calculating GTC under 18 U.S.C. § 3624."); *Moreno v. Ives*, 842 F. App'x 18, 21– 22 (9th Cir. 2020) (considering an administrative purpose the determination eligibility for early release for completion of residential drug treatment program and finding that, "[i]nsofar as Mr. Moreno argues that § 3584(c) is limited to sentence computation, no such limit exists in the language of the statute, and other courts have recognized that the statute applies to all administrative determinations made by BOP"); *United States v. Wilson*, 503 U.S. 329, 335 (1992) ("After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence.").

While the FSA is silent on how to determine the eligibility of an inmate, like Mr. Giovinco, convicted of multiple charges, not all of which render him ineligible for time credits and where he has served a term of imprisonment greater than the length of the sentence on the ineligible charge, *see Sok*, 2022 WL 17156797, at *3 (acknowledging that section 3632(d)(4)(D) is ambiguous on how to treat prisoners serving sentences based on more than one charge), the plain language of the statute does not support Mr. Giovinco's desired result.

Where a federal statute is ambiguous on its face and the federal agency responsible for administering the statute has adopted a reasonable interpretation of the statute, the Court must accept the federal agency's interpretation. *See Chevron U.S.A, Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842-44 (1984); *Braithwaite v. Garland*, 3 F.4th 542, 552 (2d Cir.

2021) (stating that, where statute is ambiguous, court "must defer to an agency's 'permissible construction of the statute'") (citing *Chevron*, 467 U.S. at 843).

And when interpreting a statute, the language must be read in context. *See McCarthy v. Bronson*, 500 U.S. 136, 139 (1991) ("[S]tatutory language must always be read in its proper context."); *Pharaohs GC. Inc. v. U.S. Small Bus. Admin*., 990 F.3d 217, 226 (2d Cir. 2021) ("It is a fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme." (citation omitted)). Thus, this provision must be read in the context of the BOP's statutory obligation to aggregate concurrent and consecutive sentences for administrative purposes.

Few courts have yet had the opportunity to address this type of claim. In *Sok*, the petitioner had been convicted of multiple offenses, one of which was on the list of ineligible charges. 2022 WL 17156797, at *2. He sought FSA time credits arguing that the length of his sentence relevant to the ineligible charge had elapsed and he was now serving a sentence only for eligible offenses. *Id.* The court found the BOP's interpretation of the statute was reasonable, and even mandatory, in light of the statute requiring aggregation of sentences. *Id*. at *5.

In another case challenging eligibility for FSA time credits, the petitioner's sentence for the ineligible charge was ordered to run consecutively to the sentences on his other charges. *See Teed v. Warden*, No. 1:22-CV-1568, 2023 WL 1768121, at *3 (M.D. Pa. Feb. 3, 2023). The petitioner argued that, because the sentence on the ineligible charge was consecutive, he was not yet serving a sentence for an ineligible offense and, therefore, was eligible for FSA time credits. *Id.* at *2. The court found the petitioner's claim "lack[ed] merit" and held that, in light of the statutory mandate to aggregate sentences, "the BOP properly aggregated [petitioner's] sentences

6

into one sentence for administrative purposes and found that he [was] ineligible for earned time credits under the FSA based on his disqualifying offense." *Id.* at *3; *see also Keeling v. LeMaster*, Civil No. 0:22-cv-00096-GFVT, 2022 WL 17407966, at *2 (E.D. Ky. Dec. 2, 2022) (rejecting claim that sentence should be bifurcated so petitioner could earn FSA time credits for eligible offenses).

This Court agrees that the BOP's interpretation of section 3632(d)(4)(D) is reasonable in light of its long-standing obligation[1] to aggregate sentences for administrative purposes.

Accordingly, the petition for writ of habeas corpus will be denied.

## IV.    CONCLUSION

For the reasons described above, the petition for writ of habeas corpus is **DENIED**.

The Clerk of Court is respectfully directed to enter judgment and close this case.

**SO ORDERED** this 10th day of February, 2023 at Bridgeport, Connecticut.

/s/ Victor A. Bolden
Victor A. Bolden
United States District Judge

---

[1] The Court notes that section 3584 was enacted in 1984 and, as seen above, has been considered in numerous decisions. If Congress had wanted inmates to receive FSA time credits for the portion of their sentences attributed solely to eligible offenses, it would have included such language in the statute. As Congress did not do so, the statute is properly interpreted in light of the statutory mandate.